ePLUS, INC., Plaintiff–Appellee,

v.

LAWSON SOFTWARE, INC., Defendant–Appellant.

No. 2011–1396.

United States Court of Appeals, Federal Circuit.

July 14, 2011.

David M. Young, Goodwin Procter LLP, Washington, DC, for Plaintiff–Appellee.

Donald R. Dunner, Kara F. Stoll, Finnegan, Henderson, Farabow, Washington, DC, Erika H. Arner, Finnegan, Henderson, Farabow, Reston, VA, for Defendant–Appellant.

Before BRYSON, LINN, and PROST, Circuit Judges.

**ON MOTION**

**ORDER**

PROST, Circuit Judge.

Lawson Software, Inc. submits a motion for a stay, pending appeal, of the permanent injunction entered by the United States District Court for the Eastern District of Virginia on May 23, 2011. ePlus Inc. opposes. Lawson replies.

The power to stay an injunction pending appeal is part of a court's "'traditional equipment for the administration of justice.'" *Nken v. Holder,* 556 U.S. 418, 129 S.Ct. 1749, 1757, 173 L.Ed.2d 550 (2009) (citing *Scripps–Howard Radio, Inc. v. FCC,* 316 U.S. 4, 9–10, 62 S.Ct. 875, 86 L.Ed. 1229 (1942)). A stay, however, is not a matter of right hut instead an exercise of judicial discretion. *Nken,* 129 S.Ct. at 1761. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion based on consideration of four factors, the first two of which are the most critical: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987).

Without prejudicing the ultimate disposition of this case by a merits panel, we conclude based upon the papers submitted that Lawson has not made a sufficient showing to obtain a stay of the district court's injunction pending appeal.

Upon consideration thereof,

IT IS ORDERED THAT:

The motion is denied.